THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR20-0092-JCC-14 |
| Plaintiff, | ORDER |
| v. | |
| MICHAEL ANDREW WOOD, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for compassionate release (Dkt No. 1111) and the Government's motion to seal (Dkt. No. 1124). Having thoroughly considered the briefing and relevant record, the Court DENIES Defendant's motion without prejudice and GRANTS the Government's motion for the reasons explained herein.

Defendant was arrested on a charge of Conspiracy to Distribute Controlled Substances. (*See* Dkt. No. 521.) United States Magistrate Judge Theresa L. Fricke remanded Defendant to custody pending trial; he was then detained at the Federal Detention Center ("FDC") SeaTac. (Dkt. No. 510.) Following a change of plea, this Court imposed a 96-month term of incarceration. (*See* Dkt. Nos. 819, 820, 838, 947.) Prior to sentencing, Defendant informed the Court that he suffered from inadequate Bureau of Prisons ("BOP") medical care at FDC SeaTac. As a result, the Court recommended to the BOP that it place Defendant, at least initially, at one of its medical facilities. Apparently, this was not done. Instead, Defendant was transferred to

ORDER
CR20-0092-JCC-14
PAGE - 1

Federal Correctional Institution ("FCI") Victorville Medium, shortly after sentencing. (*See* Dkt. No. 1123 at 7.)

Less than a year removed from sentencing, Defendant now moves this Court for compassionate release. (Dkt. No. 1111.) He contends, amongst other things, that the BOP's failure to place him in an appropriate medical facility, or otherwise provide him adequate medical care at FCI Victorville, supports compassionate release. (*See* Dkt. Nos. 1111 at 5, 1112 at 3–7.) Defendant further asserts that ongoing COVID-19 health risks at FCI Victorville support compassionate release, as does his need to care for his adult son.[1]

In analyzing whether Defendant is entitled to the relief sought, the Court must first determine whether he has exhausted administrative remedies. 18 U.S.C. § 3582(c)(1)(A); *see U.S. v. Wright*, 46 F.4th 938, 945, 951 (9th Cir. 2022) (establishing this as Defendant's burden). And as the Government points out, Defendant fails to do so. (*See* Dkt. No. 1123 at 6–7.) He has not established (a) that he sought compassionate release from his present facility or (b) on what bases he sought administrative relief. (*See* Dkt. No. 1112 at 15–16) (denial from FDC SeaTac). For this reason, the Court FINDS that Defendant has failed to exhaust administrative remedies. This is a statutory bar for Defendant. However, because this is an infirmity which can be easily cured, the Court will deny the instant motion without prejudice.

Should Defendant wish to renew his motion, he must provide the Court with the following: (a) proof that he exhausted administrative remedies; and (b) argument and evidence supporting the notion that a lack of BOP medical care, arising *after* the Court's November 15, 2022 sentencing determination, represents an extraordinary and compelling circumstance

---

[1] In addition, Defendant argues that his sentence should be reduced based upon (a) infirmities with his plea agreement and/or (b) a mistaken calculation of his criminal history, which the Court considered when imposing his present sentence. (*See* Dkt. Nos. 1111 at 5, 1112 at 7–9.) These unrelated issues are better addressed in a motion to vacate, set aside, or correct a sentence. *See* 28 U.S.C. § 2255. As Defendant has filed just such a motion, *see Wood v. U.S.*, Case No. C23-1521-JCC (W.D. Wash. 2023), the Court will reserve judgment on those issues until the motion is adequately briefed.

warranting a reduction in his sentence. *See* 18 U.S.C. 3582(c)(1)(A)(i). To do so, Defendant must provide evidence that he "suffers from a serious physical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n. 1. (2021) (cleaned up).[2] To date, Defendant has not provided evidence meeting this requirement.

Separately, the Government moves to seal an exhibit to its opposition brief. (Dkt. No. 1124.) The First Amendment protects the public's right of access to criminal trials. *See, e.g.*, *Globe Newspaper Co. v. Super. Ct. for Norfolk Cnty.*, 457 U.S. 596, 606 (1982). The public also has a common law right to inspect and copy public records, including from judicial proceedings. *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978). But these rights are not absolute. They must yield when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See U.S. v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017). Given the exhibit's contents, the Court finds that sealing it serves a compelling interest which is likely to be harmed if it is not sealed, and there is no less restrictive alternative to protect that interest.

For the foregoing reasons, the Court DENIES Defendant's motion for compassionate release (Dkt. No. 1111) without prejudice and GRANTS the Government's motion to seal (Dkt. No. 1124). The Clerk is DIRECTED to maintain Docket Number 1125 under seal.

So ORDERED this 26th day of October 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] *See U.S. v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (while not required, the Court may consider the Sentencing Commission's policy statement when considering motions for compassionate release brought pursuant to 18 U.S.C. § 3582(c)(1)(A)).