THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL ANDREW WOOD,<br><br>  Defendant. | CASE NO. CR20-0092-JCC-14<br><br>ORDER |

This matter comes before the Court on Defendant's motion for compassionate release (Dkt. No. 1167). Having thoroughly considered the briefing and the relevant record, the Court GRANTS the motion for the reasons explained herein.

The Court described the procedural history of this case in a prior order denying compassionate release. (*See generally* Dkt. No. 1126.) It will not repeat that history here. Suffice to say, Defendant has significant medical needs and requires a placement at a BOP medical facility. Since his last motion, the Warden of FCI-Victorville, where Defendant currently resides, indicated his support for Defendant's compassionate release. As a result, Defendant has renewed his motion (Dkt. No. 1167), which the Court stayed consideration of to provide the Bureau of Prisons ("BOP") a final opportunity to transfer Defendant to a medical facility. (*See* Dkt. No. 1187.) Nevertheless, the BOP has failed to transfer Defendant and still provides the Court with no timeline for when it might do so. (*See* Dkt. No. 1215 at 5.)

ORDER
CR20-0092-JCC-14
PAGE - 1

The Court may reduce a term of imprisonment if extraordinary and compelling reasons warrant a reduction, the defendant has exhausted his administrative rights of appeal with the BOP, the defendant would not present a danger to the community, and a reduction is consistent with the factors articulated in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines § 1B1.13. Defendant bears the burden of making this showing. *U.S. v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

The Government concedes the first two elements—that Defendant exhausted his administrative rights, and that his medical condition constitutes an extraordinary and compelling reason warranting a reduction in his sentence. (*See* Dkt. No. 1215 at 3–4.) It further concedes that Defendant's release plan is viable. (*See id.* at 4.) Nevertheless, it contends Defendant would present a danger to the community. (*See id.* at 3–5.) The Court disagrees. Defendant's ability to reoffend, given his documented medical history, is low.

Accordingly, the motion for compassionate release (Dkt. No. 1167) is GRANTED. Defendant's remaining term of incarceration shall be converted to that of supervised release, with the same conditions as the Court applied in its original judgment. (*See* Dkt. No. 947 at 3–5.) All other aspects of the judgment remain unchanged.

Separately, the Government moves to seal an exhibit to its opposition brief. (Dkt. No. 1180.) The First Amendment protects the public's right of access to criminal trials. *See, e.g.*, *Globe Newspaper Co. v. Super. Ct. for Norfolk Cnty.*, 457 U.S. 596, 606 (1982). The public also has a common law right to inspect and copy public records, including from judicial proceedings. *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978). But these rights are not absolute. They must yield when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See U.S. v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017). Given the exhibit's contents, the Court finds that sealing it serves a compelling interest which is likely to be harmed if it is not sealed, and there is no less restrictive alternative to protect that interest. The Clerk is therefore

DIRECTED to maintain Docket Number 1181 under seal.

It is so ORDERED this 28th day of June 2024.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE